## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY RODRIGUEZ and RYAN WELLCOME, individually and on behalf of all others similarly situated, | CIVIL ACTION |
| Plaintiffs, | Case No. |
| v. | JURY TRIAL DEMANDED |
| PYRAMID OPERATING GROUP, INC. d/b/a INTERNATIONAL HOUSE OF PANCAKES a/k/a IHOP; EXTON OPERATING GROUP, INC. d/b/a INTERNATIONAL HOUSE OF PANCAKES a/k/a IHOP; HEM MANAGEMENT, INC.; EMAD ELGEDDAWY; and DOE DEFENDANTS 1-20. | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Anthony Rodriguez ("Rodriguez") and Ryan Wellcome ("Wellcome") (collectively, "Plaintiffs"), file this Collective Action Complaint against Defendants, Pyramid Operating Group, Inc. d/b/a International House of Pancakes a/k/a IHOP ("Pyramid"), Exton Operating Group, Inc., d/b/a International House of Pancakes a/k/a IHOP ("Exton"), HEM Management, Inc. ("HEM"), Emad Elgeddawy ("Elgeddawy"), and Doe Defendants 1-10 (collectively, "Defendants"), seeking all relief available under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), on behalf of themselves and all current and former "Assistant Managers" ("AMs") and "General Managers" ("GMs"), however variously titled. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.      Plaintiffs bring this action on behalf of themselves and similarly situated current and former AMs and GMs who work or worked at any franchise restaurant doing business as "International House of Pancakes" ("IHOP") that is owned and operated by Defendant Emad Elgeddawy, including the IHOP restaurant located at 471 John Young Way, Exton, Pennsylvania, in order to recover unpaid overtime pursuant to the FLSA.

2.      Upon information and belief, the IHOP restaurants that are the subject of this action are owned and operated by Defendant Elgeddawy through a series of corporate shells and subsidiaries in which Defendant Elgeddawy is the principal and maintains full control of each company, effectively causing these entities to operate as Defendant Elgeddawy's alter-ego and/or joint employer, together with Defendant Elgeddawy, of Plaintiffs and the AMs and GMs employed at Defendant Elgeddawy's restaurants.

3.      Upon information and belief, Defendant Elgeddawy's IHOP restaurants are franchisees of Dine Brands Global, "one of the world's largest full-service dining companies and franchisor of Applebee's Grill + Bar and IHOP" with "approximately 3,700 locations in 18 countries." *See* https://www.dinebrands.com/en (last accessed February 28, 2020).

4.      As an IHOP franchisee, Defendant Elgeddawy employed AMs and GMs in approximately a dozen restaurants in the northeast, including Pennsylvania and New Jersey. Although Defendant Elgeddawy considers his AMs and GMs to be "managers," AMs and GMs are not responsible for true management functions.  To the contrary, AMs and GMs spend the vast majority of their time performing the same duties as non-exempt employees, including taking orders, serving customers, ringing customers up on the cash register, preparing food, counting inventory, and cleaning the restaurant.

2

5.     Defendants violated the FLSA by failing to pay their AMs and GMs overtime compensation for the hours they worked over forty (40) in one or more workweeks because Defendants classified them as exempt from overtime, even though their duties do not fall within any of the exemptions under federal or state overtime laws.

6.     AMs and GMs report to Emad Elgeddawy and his Vice-President of Operations, Susan Pollock.   Upon information and belief, Ms. Pollock is the second-in-command of Defendants' operations (behind Defendant Elgeddawy).

7.     As alleged herein, Plaintiffs and all other similarly situated AMs and GMs were required to work more than forty (40) hours in a workweek while employed by Defendants in order to complete their job duties.  However, in accordance with Defendants' policy, pattern, and/or practice, they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of time-and-one-half for all hours worked in excess of forty (40) in a work week.

8.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action on behalf of themselves and all persons who are or were formerly employed by Defendants in the United States during the relevant time period as AMs, and individuals holding comparable salaried positions with different titles (the "AM Collective").

9.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Rodriguez also brings this action on behalf of himself and all persons who are or were formerly employed by Defendants in the United States during the relevant time period as GMs, and individuals holding comparable salaried positions with different titles (the "GM Collective").

10.     Defendants' systematic failure and refusal to pay Plaintiffs and all other similarly situated AMs and GMs for all hours worked over forty (40) in a workweek violates the FLSA.

## THE PARTIES

*Plaintiff Anthony Rodriguez*

11.     Rodriguez resides in West Grove, Pennsylvania (Chester County).   Between approximately February 2018 and January 2019, Rodriguez was employed by Defendants as an AM at the IHOP restaurant located at 471 John Young Way in Exton, Pennsylvania.   From approximately January 2019 until May 2019, Rodriguez was employed by Defendants as a GM at the same IHOP restaurant.

12.     Throughout his employment as an AM and GM with Defendants, Rodriguez was scheduled to work approximately 45 hours each week, though he worked more.   On average, during each week of his employment with Defendants, Rodriguez worked approximately 60 to 70 hours, including during the weeks leading up to, and of, Thanksgiving and Christmas 2018, and Easter and 2019.

13.     Rodriguez spent the vast majority of his time as both an AM and GM performing the same duties as non-exempt employees, including helping customers, taking orders, preparing food, serving food, cleaning the restaurant (including the bathroom), cleaning dishes, unloading trucks, and ringing customers up on the cash register.

14.     The work Rodriguez performed was at the direction, and for the benefit, of Defendants.

15.     Pursuant to Defendants' policy, pattern or practice of classifying AMs and GMs as exempt from overtime, Rodriguez was not paid premium overtime compensation for all hours worked over forty (40) in a workweek.

16.     Plaintiff Rodriguez has consented to join this action.  *See* Exhibit A.

4

*Plaintiff Ryan Wellcome*

17.     Wellcome resides in Atglen, Pennsylvania (Chester County).     Between approximately March 2019 and May 2019, Wellcome was employed by Defendants as an AM at the IHOP restaurant located at 471 John Young Way in Exton, Pennsylvania.

18.     Throughout his employment as an AM with Defendants, Wellcome was scheduled to work at least 45 hours each week, though he worked more.  On average, during each week of his employment with Defendants, Wellcome worked approximately 60 to 65 hours, including during the weeks leading up to, and of, Easter 2019.

19.     Wellcome spent the vast majority of his time as an AM performing the same duties as non-exempt employees, including helping customers, taking orders, preparing food, serving food, cleaning the restaurant (including the bathroom), cleaning dishes, unloading trucks, and ringing customers up on the cash register.

20.     The work Wellcome performed was at the direction, and for the benefit, of Defendants.

21.     Pursuant to Defendants' policy, pattern or practice of classifying GMs as exempt from overtime, Wellcome was not paid premium overtime compensation for all hours worked over forty (40) in a workweek.

22.     Plaintiff Wellcome has consented to join this action.  *See* Exhibit B.

*Defendants*

23.     Upon information and belief Emad Elgeddawy is a natural person residing in the Commonwealth of Pennsylvania.  According to public filings with the Commonwealth of Pennsylvania, Defendant Elgeddawy is the president of numerous corporate entities doing business as International House of Pancakes a/k/a IHOP in several northeastern states such as Pennsylvania,

including Defendants Pyramid Operating Group, Exton Operating Group, and HEM Management.

24.     Upon information and belief, Pyramid Operating Group, Inc. d/b/a International House of Pancakes a/k/a IHOP is a corporation that is registered to do business in the Commonwealth of Pennsylvania and operates a restaurant that is located at 471 John Young Way, Exton, Pennsylvania.  According to the company's business filings with the Commonwealth of Pennsylvania, the President of Pyramid is Defendant Elgeddawy.

25.     Upon information and belief, Exton Operating Group, Inc., d/b/a International House of Pancakes a/k/a IHOP is a corporation that is registered to do business in the Commonwealth of Pennsylvania and operates a restaurant that is located at 471 John Young Way, Exton, Pennsylvania.  Upon information and belief, the President of Exton Operating Group is Defendant Elgeddawy.

26.     Upon information and belief, HEM MGMT, Inc., is a corporation registered to do business in the Commonwealth of Pennsylvania and operates a business that is located at 471 John Young Way, Exton, Pennsylvania.  Upon information and belief, the President of HEM MGMT is Defendant Elgeddawy.

27.     Plaintiffs are unaware of the names and capacities of those individuals and corporate entities sued as Defendants 1 through 20 but will seek leave to amend this Collective Action Complaint once their identities become known to Plaintiffs.  Upon information and belief, Plaintiffs allege that at all relevant times each Defendant was the officer, director, employee, agent, representative, alter ego, co-conspirator, parent, subsidiary, or affiliate of each of the other Defendants.  In engaged in the alleged conduct described in this Collective Action Complaint, Defendants acted in the course, scope, and in furtherance of the aforementioned relationship.  Accordingly, and unless otherwise indicated, Plaintiffs refer to all Defendants collectively as

"Defendants" and each allegation pertains to each of them.

28.     In his capacity as President of Pyramid Operating Group, Exton Operating Group, and HEM Management, Defendant Elgeddawy exercised significant control over – and employed or acted in the interest of an employer towards – Plaintiffs and other similarly situated current and former AMs and GMs and, among other things, maintained control, oversight and direction over them including with respect to timekeeping, payroll and other employment practices such as their hiring, the terms and conditions of their employment, the assignment and supervision of job duties to them, and the creation and maintenance of personnel-related records, such as personnel files, paystubs and W-2s.

29.     Upon information and belief, Plaintiffs' job duties and those of the members of the putative AM Collective and GM Collective, as detailed above and below, were assigned and monitored by Defendant Elgeddawy, and Defendant Elgeddawy was involved in the decision to classify Plaintiffs and the members of the putative AM Collective and GM Collective as exempt from overtime compensation.

30.     Defendants applied the same employment policies, practices, and procedures to all AMs and GMs nationwide.

31.     Defendants are covered employers within the meaning of the FLSA because, among other things, they employ individuals, including Plaintiffs, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

32.     Defendants together employed (or acted in the interest of an employer towards) Plaintiffs and (directly or indirectly, jointly or severally) controlled and directed the terms of their

employment and compensation.

33.     Upon information and belief, Defendant Elgeddawy operated in concert and together through related activities with Defendants Pyramid Operating Group, Exton Operating Group, HEM Management, and DOES 1-20, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

34.     Based on the aforementioned and the detailed allegations contained herein, Defendants jointly employed Plaintiffs and the members of the AM Collective and GM Collective

35.     At all relevant times, Defendants had gross revenues exceeding $500,000.00.

## JURISDICTION AND VENUE

36.     This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 29 U.S.C. § 216(b).

37.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

38.     Defendants are subject to personal jurisdiction in Pennsylvania.  Defendants purposefully availed itself of jurisdiction by operating restaurants in Pennsylvania.

39.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this Collective Action Complaint occurred within this District and because Plaintiffs reside in this District.

## GENERAL FACTUAL ALLEGATIONS

40.     Defendants own and operate approximately a dozen franchised "IHOP" restaurants in several states in the northeast, including Pennsylvania.

41.      Upon information and belief, during the relevant time period Defendants have

employed hundreds of individuals, including several dozen AMs and GMs at its restaurants.

42.    Defendants maintain strict control, oversight, and discretion over the operation of its restaurants, including its employment practices with respect to Plaintiffs and the members of the putative AM Collective and GM Collective.

43.    Plaintiffs' and the members of the putative AM Collective's and GM Collective's work was performed in the normal course of Defendants business and was integrated into it.

44.    Consistent with Defendants' policy, pattern and/or practice, Plaintiffs and the members of the putative AM Collective and GM Collective worked in excess of forty (40) hours per workweek without being paid overtime compensation.  For example, and upon information and belief, AMs and GMs are scheduled to work at least 45 hours each workweek.  However, AMs and GMs routinely work more hours, including during busy periods leading up to, and during, annual holidays.

45.    Plaintiffs and the members of the putative AM Collective and GM Collective spent the majority of their time as AMs and/or GMs performing the same duties as non-exempt employees, including:

        (a)    helping customers;

        (b)    taking orders;

        (c)    preparing food;

        (d)    serving food;

        (e)    cleaning the restaurant (including the bathroom);

        (f)    cleaning dishes;

        (g)    unloading trucks;

        (h)    and ringing customers up on the cash register.

46.     All of the work that Plaintiffs and the members of the putative AM Collective and GM Collective performed has been assigned by Defendants, who are aware of the work they performed.  This work required little skill and no capital investment.  Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

47.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classify all AMs and GMs as exempt from the overtime provisions of the FLSA.

48.     The primary job duties of Plaintiffs and the members of the putative AM Collective and GM Collective did not include hiring, firing, disciplining, or directing the work of other employees.

49.     The primary job duties of Plaintiffs and the members of the putative AM Collective and GM Collective did not materially differ from the job duties of non-exempt hourly paid employees.

50.     The primary job duties of Plaintiffs and the members of the putative AM Collective and GM Collective did not include the exercise of meaningful independent discretion with respect to their duties.

51.     The primary job duties of Plaintiffs and the members of the putative AM Collective and GM Collective were manual and/or clerical in nature.  The performance of manual and/or clerical labor occupied the majority of the working hours of Plaintiffs and the members of the putative collectives.

52.     Plaintiffs and the members of the putative AM Collective and GM Collective are similarly situated in that they have substantially similar job duties and are subject to Defendants' common compensation policies, patterns, and/or practices.

53.     Upon information and belief, Defendants did not perform a person-by-person

analysis of Plaintiffs' and the members of the putative AM Collective's and GM Collective's job duties when making the decision to classify AMs and GMs as exempt from overtime under the FLSA.

54.     Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiffs and the members of the putative AM Collective and GM Collective in excess of forty (40) hours per week was willful.

55.     The work performed by Plaintiffs and the members of the putative AM Collective and GM Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimis*.

56.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE ACTION ALLEGATIONS

57.     Plaintiffs bring the First Cause of Action, 29 U.S.C. § 216(b), on behalf of himself and the AM Collective.

58.     Plaintiff Rodriguez brings the Second Cause of Action, 29 U.S.C. § 216(b), on behalf of himself and the GM Collective.

59.     At all relevant times, Plaintiffs and the AM Collective and GM Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

60.     Defendants are employers of Plaintiffs and the members of the putative AM Collective and GM Collective and are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

61.     At all relevant times, Plaintiffs and the members of the putative AM Collective and GM Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

62.     Defendants have failed to pay Plaintiffs and the members of the putative AM Collective and GM Collective overtime compensation to which they are entitled under the FLSA.

63.     Defendants have failed to keep accurate records of time worked by Plaintiffs and the members of the putative AM Collective and GM Collective.

64.     Defendants are liable under the FLSA for, among other things, failing to properly compensate Plaintiffs and the members of the putative AM Collective and GM Collective.

65.      Consistent with Defendants' policy and pattern or practice, Plaintiff Rodriguez and the members of the putative AM Collective were not paid overtime compensation when they worked beyond forty (40) hours in a workweek.

66.     Similarly, Plaintiffs Rodriguez and Wellcome and the members of the putative GM Collective were not paid premium overtime compensation when they worked beyond forty (40) hours in a workweek.

67.     All of the work that Plaintiffs and the members of the putative AM Collective and GM Collective performed has been assigned by Defendants, and/or Defendants have been aware of such work.

68.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the putative AM Collective and GM Collective.  This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay Plaintiff Rodriguez and the members of the putative AM Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek;

(b)     willfully failing to pay Plaintiffs Rodriguez and Wellcome and the members of the GM Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek during training;

(c)     willfully misclassifying Plaintiffs and the members of the putative AM Collective and GM Collective as exempt from the overtime protections of the FLSA; and

(d)     willfully failing to record all of the time that their employees, including Plaintiffs and the members of the putative AM Collective and GM Collective, worked for the benefit of Defendants.

69.     Defendants were aware or should have been aware that federal law required them to pay Plaintiffs and the members of the putative AM Collective and GM Collective overtime compensation for all hours worked in excess of forty (40) in a workweek.

70.     Plaintiff Rodriguez and the members of the putative AM Collective perform or performed the same primary duties.

71.     Plaintiffs Rodriguez and Wellcome and the members of the GM Collective perform or performed the same primary duties.

72.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiffs and the AM Collective)**

73.     Plaintiffs reallege and incorporate by reference the above allegations.

74.     Defendants have engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiffs and the members of the putative AM Collective, as detailed in this Collective Action Complaint.

75.     Upon information and belief, Defendants established labor budgets to cover labor costs for the restaurants in which Plaintiffs and the members of the putative AM Collective worked. However, Defendants did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each restaurant.

76.     Defendants knew or recklessly disregarded the fact that their underfunding of

13

restaurant labor budgets resulted in Plaintiffs and the members of the putative AM Collective (who were not paid overtime) working more than forty (40) hours in a workweek without receiving any overtime compensation. This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt, restaurant-level employees.

77.     Because Defendants underfunded restaurant labor budgets, which in turn limited the amount of money available to pay non-exempt employees to perform manual and customer service tasks, AMs were required to – and did – perform these non-exempt tasks.

78.     In fact, the performance of non-management work was the primary duty of Plaintiffs and the members of the AM Collective. These primary duties included helping customers, taking orders, preparing food, serving food, cleaning the restaurant (including the bathroom), cleaning dishes, unloading trucks, and ringing customers up on the cash register.

79.     Defendants knew, by virtue of the fact that their upper level management employees (including Defendant Elgeddawy and Ms. Pollock) actually saw Plaintiffs and the members of the AM Collective primarily perform manual labor and non-exempt duties, that Plaintiffs and other similarly situated AMs were not performing activities that complied with any FLSA exemption. Inasmuch as Defendants are sophisticated corporate entities and individuals aware of their obligations under the FLSA, they acted willfully or recklessly in failing to classify Plaintiffs and other similarly situated AMs as non-exempt employees.

80.     Upon information and belief, and as part of their regular business practices, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiffs and the members of the putative AM Collective. This policy and pattern or practice includes but it is not limited to:

>        (a)     willfully misclassifying Plaintiffs and the members of the putative AM Collective as exempt from the requirements of the FLSA;

14

(b)     willfully failing to pay Plaintiffs and the members of the AM Collective overtime wages for all hours they worked in excess of forty (40) hours per week; and

(c)     willfully failing to provide enough money in its restaurant-level labor budgets.

81.     Defendants' unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to their centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

82.     As further evidence of its willful or reckless failure to classify Plaintiffs and the members of the AM Collective as non-exempt employees, Defendants have uniformly failed to: (a) accurately track or record actual hours worked by Plaintiffs and the members of the putative AM Collective; and (b) provide Plaintiffs and the members of the putative AM Collective with a method to accurately record the hours they actually worked.

83.     Defendants did not make a good faith effort to comply with the FLSA with respect to their timekeeping and compensation of Plaintiffs and the members of the putative AM Collective.

84.     Defendants were or should have been aware that the FLSA required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

85.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the members of the putative AM Collective for all hours worked in excess of forty (40) in a workweek.

86.     Upon information and belief, there are potentially dozens of similarly situated current and former AMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the members of the putative AM Collective, pursuant to 29 U.S.C. § 216(b).

87.     The members of the putative AM Collective are known to Defendants, are readily identifiable, and can be located through Defendants' records.

88.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

89.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the members of the putative AM Collective have suffered damages by being denied overtime compensation in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages and attorneys' fees, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on behalf of Plaintiff Rodriguez and the GM Collective)**

90.     Plaintiffs reallege and incorporate by reference the above allegations.

91.     Defendants have engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff Rodriguez and the members of the putative GM Collective, as detailed in this Collective Action Complaint.

92.     Upon information and belief, Defendants established labor budgets to cover labor costs for the restaurants in which Plaintiff Rodriguez and the members of the putative GM

Collective worked.  However, Defendants did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each restaurant.

93.     Defendants knew or recklessly disregarded the fact that their underfunding of restaurant labor budgets resulted in Plaintiff Rodriguez and the members of the putative GM Collective (who were not paid overtime) working more than forty (40) hours in a workweek without receiving any overtime compensation.  This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt, restaurant-level employees.

94.     Because Defendants underfunded restaurant labor budgets, which in turn limited the amount of money available to pay non-exempt employees to perform manual and customer service tasks, GMs were required to – and did – perform these non-exempt tasks.

95.     In fact, the performance of non-management work was the primary duty of Plaintiff Rodriguez and the members of the GM Collective.  These primary duties included helping customers, taking orders, preparing food, serving food, cleaning the restaurant (including the bathroom), cleaning dishes, unloading trucks, and ringing customers up on the cash register.

96.     Defendants knew, by virtue of the fact that their upper level management employees (including Defendant Elgeddawy and Ms. Pollock) actually saw Plaintiff Rodriguez and the members of the GM Collective primarily perform manual labor and non-exempt duties, that Plaintiffs and other similarly situated GMs were not performing activities that complied with any FLSA exemption.  Inasmuch as Defendants are sophisticated corporate entities and individuals aware of their obligations under the FLSA, they acted willfully or recklessly in failing to classify Plaintiff Rodriguez and other similarly situated GMs as non-exempt employees.

97.     Upon information and belief, and as part of their regular business practices, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy

of violating the FLSA with respect to Plaintiff Rodriguez and the members of the putative GM

Collective.  This policy and pattern or practice includes but it is not limited to:

    (d)    willfully misclassifying Plaintiff Rodriguez and the members of the putative GM Collective as exempt from the requirements of the FLSA;

    (e)    willfully failing to pay Plaintiff Rodriguez and the members of the GM Collective overtime wages for all hours they worked in excess of forty (40) hours per week; and

    (f)    willfully failing to provide enough money in its restaurant-level labor budgets.

98.    Defendants' unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to their centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

99.    As further evidence of its willful or reckless failure to classify Plaintiff Rodriguez and the members of the GM Collective as non-exempt employees, Defendants have uniformly failed to: (a) accurately track or record actual hours worked by Plaintiff Rodriguez and the members of the putative GM Collective; and (b) provide Plaintiff Rodriguez and the members of the putative GM Collective with a method to accurately record the hours they actually worked.

100.    Defendants did not make a good faith effort to comply with the FLSA with respect to their timekeeping and compensation of Plaintiff Rodriguez and the members of the putative GM Collective.

101.    Defendants were or should have been aware that the FLSA required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

102.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff Rodriguez and the members of the putative GM Collective for all hours worked in excess of forty (40) in a workweek.

103.    Upon information and belief, there are potentially dozens of similarly situated current and former GMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the members of the putative GM Collective, pursuant to 29 U.S.C. § 216(b).

104.    The members of the putative GM Collective are known to Defendants, are readily identifiable, and can be located through Defendants' records.

105.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

106.    As a result of Defendants' willful violations of the FLSA, Plaintiff Rodriguez and the members of the putative GM Collective have suffered damages by being denied overtime compensation in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages and attorneys' fees, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the members of the putative AM and GM Collectives, pray for the following relief:

1.    Designation of this action as an FLSA collective action on behalf of Plaintiffs and the members of the putative AM Collective, and prompt issuance of notice pursuant

to 29 U.S.C. § 216(b) to all similarly situated members of the AM Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

2.    Designation of this action as an FLSA collective action on behalf of Plaintiff Rodriguez and the members of the putative GM Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the GM Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;

3.    An award of unpaid overtime compensation for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

4.    An award of liquidated damages under the FLSA as a result of Defendants' willful failure to pay for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay;

5.    An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

6.    An award of service payments to Plaintiffs;

7.    An award of pre-judgment and post-judgment interest, where applicable;

8.    An award of costs and expenses of this action, together with reasonable attorneys'

and expert fees to Plaintiffs' counsel pursuant to the FLSA;

9.      An injunction requiring Defendants to cease their practice of violating the FLSA in the future;

10.     Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful and/or willful under the FLSA; and

11.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated: March 2, 2020                    *s/ Jason Conway*
                                        Jason Conway (PA 317113)
                                        **CONWAY LEGAL, LLC**
                                        1700 Market Street, Suite 1005
                                        Philadelphia, PA 19103
                                        Telephone: (215) 278-4782
                                        Fax: (215) 278-4807
                                        jconway@conwaylegalpa.com

                                        ***Attorneys for Plaintiffs and the Putative Collectives***

# EXHIBIT A

## <u>CONSENT TO JOIN FORM</u>

1.      By my signature below, I consent to be a party plaintiff in a lawsuit against Defendant(s), iHop and/or related entities and individuals, including franchisees, in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I appoint Conway Legal, LLC to represent me in bringing such claim, and to make decisions on my behalf concerning the prosecution of the litigation and any settlement that may be negotiated on my behalf.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature


Anthony Rodriguez_____
Name

# EXHIBIT B

## CONSENT TO JOIN FORM

1.      By my signature below, I consent to be a party plaintiff in a lawsuit against Defendant(s), iHop and/or related entities and individuals, including franchisees, in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I appoint Conway Legal, LLC to represent me in bringing such claim, and to make decisions on my behalf concerning the prosecution of the litigation and any settlement that may be negotiated on my behalf.   I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_Ryan Wellcome_

Signature


Ryan Wellcome

Name